## Charles R. Bartels, Appellant, v. J. W. Rudloff et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Randolph county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action in attachment by Charles R. Bartels, plaintiff, against J. W. Rudloff, August Rudloff and Ed Rudloff, defendants, in the Circuit Court of Randolph county. In his affidavit plaintiff charged that defendant was about to depart from the State with the intention of having his effects removed therefrom, and that within two years last past had fraudulently conveyed and assigned his effects so as to hinder and delay his creditors. August Rudloff and Ed Rudloff filed interpleader claiming the property attached under a chattel mortgage given to them by defendant to secure an indebtedness of about $3,200. Trial by jury was waived. The court found for plaintiff for the amount of his debt and awarded execution thereon, but found for the interpleaders and quashed the writ of attachment, ordering the release of the property attached.

From the judgment and order on the interpleader, plaintiff appeals.

Plaintiff resided in St. Mary's, Missouri, and owned a farm on Kaskaskia Island in Randolph county, Illinois. J. W. Rudloff had been a tenant on this farm for a number of years handling stock and grain. Plaintiff had taken up a mortgage against the tenant, and through various transactions an indebtedness had accumulated against him in favor of plaintiff, amounting to $3,588.68. In November, 1913, the parties attempted to reach a settlement as to the amount due plaintiff and, failing to do so, agreed to submit the

matter to the interpleaders and John F. Bartels, a brother of plaintiff, as arbitrators. It was further agreed that whatever amount the arbitrators found due to plaintiff should be immediately paid or secured and that possession of the premises should be surrendered. The arbitration was never concluded. On November 26, 1913, J. W. Rudloff executed a note for $3,200 due in one year, payable to August Rudloff and Ed Rudloff, with interest at seven per cent., to secure which he gave a chattel mortgage. The note and mortgage were not satisfactory, and on December 1st he executed a new note to the interpleaders for the same amount and a new mortgage covering the same property. This mortgage was recorded December 5th, and a day or two thereafter the note was delivered to Ed Rudloff. December 13th following, plaintiff filed his affidavit for attachment. There was no proof that J. W. Rudloff was about to leave the State with the intention of removing his effects therefrom.

H. CLAY HORNER, T. B. WHITLEGE and R. E. SPRIGG, for appellant.

A. G. GORDON and P. B. HOOD, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. FRAUDULENT CONVEYANCES, § 111*—*when insolvent debtor may prefer creditors.* An insolvent debtor who does not take the benefit of the General Assignment Act (J. & A. ¶ 6234 *et seq.*) may prefer one creditor to the exclusion of others if such preference is in good faith.

2. FRAUDULENT CONVEYANCES, § 109*—*when insolvent debtor may prefer creditors.* An insolvent debtor may secure certain creditors to the exclusion of others, if he acts in good faith, although such preference may to that extent operate to hinder and delay his general creditors.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. FRAUDULENT CONVEYANCES, § 264*—*when evidence sufficient to show bona fide indebtedness.* In an action in attachment where the property attached was claimed in interpleader by the holders of a chattel mortgage of such property given by defendant, evidence *held* sufficient to prove that at the time such mortgage was given defendant was in good faith indebted to interpleaders in the amount of the note secured by the mortgage.

4. ARBITRATION AND AWARD, § 20*—*what are duties and liabilities of arbitrators.* Arbitrators, like jurors, are held to the highest degree of good faith, and can have no secret interest in the subject-matter of the arbitration.

5. ARBITRATION AND AWARD, § 17a*—*when arbitrator not disqualified.* The fact that one of the parties to an arbitration is indebted to an arbitrator may unfit such arbitrator to act as such in the matter to be arbitrated.

6. ARBITRATION AND AWARD, § 75*—*when award may be attacked.* An award made by arbitrators may be attacked on the ground of the disqualification of arbitrators to act by reason of the fact that one of the parties to such arbitration was indebted to such arbitrators.

7. ARBITRATION AND AWARD, § 17a*—*when rules as to qualification of arbitrators apply.* Rules as to the qualification of arbitrators apply only to their action as such making an award on the matters submitted.

8. ARBITRATION AND AWARD, § 20*—*when arbitrator has right to obtain security for debt.* Where a contemplated arbitration is never concluded, the persons selected to act as arbitrators therein occupy the same position towards the parties as though such arbitrators had never been selected to act as such, and if such arbitrators are creditors of one of the parties to the proposed arbitration, such arbitrators have the same right as other creditors to obtain security for their debts.

9. FRAUDULENT CONVEYANCES, § 17*—*when mortgage does not constitute fraudulent conveyance to hinder and delay creditors.* In an action in attachment, where the goods attached were claimed in interpleader by the mortgagees in a chattel mortgage of such goods given by defendant, *held* that the giving of such mortgage was not a fraudulent conveyance of effects to hinder and delay creditors within the meaning of clause 7 of section 1 of the Attachment Act (J. & A. ¶ 492), although it appeared that at the time such mortgage was given defendant was insolvent, it also appearing that at such time defendant was in good faith indebted to interpleaders in the amount of the note secured by the mortgage, and that such mortgage was given in good faith.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.